THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Jake Antonio Wilson, Appellant.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2012-UP-099
 Submitted February 1, 2012  Filed
February 22, 2012    

AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L.
 Savitz, III, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald
 Zelenka, and Assistant Attorney General Brendan J. McDonald, all of Columbia;
 and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Jake
 Antonio Wilson appeals his conviction for murder and possession of a firearm
 during the commission of a violent crime.  On appeal, Wilson contends the trial
 court erred in allowing testimony that Wilson had changed his mind and
 exercised his right to counsel after he had initially waived his rights,
 thereby violating the Fifth and Fourteenth Amendments to the United States
 Constitution, as applied in Doyle v. Ohio, 426 U.S. 610 (1976).  We
 affirm.[1]  
Doyle recognized evidence of post-arrest silence can be
 introduced by the prosecution when used to challenge
 the defendant's testimony as to his behavior following arrest.  State
 v. Simmons, 360 S.C. 33, 39, 599 S.E.2d 448, 451 (2004).  When
 post-arrest silence is not offered as substantive
 evidence of guilt, there is no violation of the fundamental fairness standard
 of Doyle.  Id. at 40-41, 599 S.E.2d at 451.  Here, evidence exists that the testimony the trial
 court allowed was not introduced as substantive evidence of guilt.  Rather, the
 testimony was introduced to show Wilson's statement to police was voluntary and
 to challenge Wilson's testimony that he was too intimidated to request
 counsel.  Accordingly, the decision of the trial court is
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.